

**FILED**
**APRIL 13, 2009**
KAREN S. MITCHELL
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| ANTHONY CHARLES FOSTER, JR., | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:08-CV-0191 |
| | § | |
| NATHANIEL QUARTERMAN, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

### REPORT AND RECOMMENDATION TO DISMISS PETITION
### FOR A WRIT OF HABEAS CORPUS AS TIME BARRED

Came for consideration the Petition for a Writ of Habeas Corpus by a Person in State Custody filed by petitioner ANTHONY CHARLES FOSTER, JR. For the reasons hereinafter set forth, it is the opinion of the undersigned United States Magistrate Judge that the petition for a writ of habeas corpus be DISMISSED as time barred.

### I.
### PROCEDURAL HISTORY

On June 12, 2006, petitioner was convicted on three counts of aggravated robbery out of the 47th Judicial District Court of Randall County, Texas. In his petition to this Court, petitioner represents he was convicted by a judge upon a plea of not guilty. (Original Petition, pg. 2). The docket sheet from his case,[1] however, indicates petitioner in fact pleaded guilty, on June 12, 2006,

---

[1] This information was obtained from iDocket, which is a service where the docket sheet of any defendant's case within a particular county in Texas is available for review by those who subscribe to the service.

to three counts of aggravated robbery, in cause numbers 17816A, 17862A, and 18072A. Either way, petitioner was convicted on June 12, 2006 and did not directly appeal the decision.[2] On May 14, 2008, petitioner filed two state applications for habeas corpus relief (based on cause numbers 17816A and 17862A). On May 28, 2008, both petitions were denied without written order. Petitioner filed his federal habeas corpus application with this Court on October 22, 2008.[3]

## II.
## PETITIONER'S GROUNDS OF ERROR

Petitioner asserts the following two grounds of error:

1. Petitioner's due process rights were violated because "the deadly weapon finding is unfair and impartial."

2. Petitioner is actually innocent.

## III.
## STATUTE OF LIMITATIONS

Title 28 U.S.C. § 2244(d)(1) establishes a one-year limitation period for filing a habeas petition in federal court. That subsection provides:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of --

---

[2] Petitioner claims in his federal habeas corpus petition, "at trial I requested an appeal but for some unknown reason it's not on record." (Original Petition, pg. 3). Petitioner is correct in that no appellate court in Texas ever directly reviewed the aggravated robbery convictions. Such an absence of review is, of course, explained by a guilty plea, as a defendant only has the right to appeal in very limited instances after entering a plea of guilty. *See* TEX. R. APP. P. 25.2(a)(2). In any event, there was no direct appeal from defendant's conviction and petitioner provides this Court with no evidence supporting his claim that he filed a direct appeal.

[3] Even though the petition was received and file marked by this Court on October 24, 2008, petitioner's petition is deemed filed on October 22, 2008, which is the date he delivered the petition to prison officials for mailing to the district court. *See Spotville v. Cain*, 149 F.3d 374, 376-78 (5th Cir. 1998).

  (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

  (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

  (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

  (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Title 28 U.S.C. § 2244(d)(2) further provides:

  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

  Petitioner's claims relate only to the validity of his June 12, 2006 convictions. The record does not reflect that any unconstitutional State action impeded petitioner in his filing of the instant federal writ, 28 U.S.C. § 2244(d)(1)(B), nor do petitioner's claims involve a constitutional right recognized by the Supreme Court in the last year and made retroactive to cases on collateral review, 28 U.S.C. § 2244(d)(1)(C), nor has petitioner shown he could not have discovered the factual predicate of his claims until a date subsequent to the final conviction date. *See* 28 U.S.C. § 2244(d)(1)(D). Accordingly, the one-year limitation period began to run as to petitioner's claims on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

  The state trial court imposed petitioner's thirty-five-year sentence on June 12, 2006. Petitioner had thirty (30) days in which to file a Notice of Appeal initiating a direct appeal of his conviction and sentence. *See* TEX. R. APP. P. 26.2(a)(1). Petitioner, however, failed to do so. Thus, the time period in which to file his Notice of Appeal expired on July 12, 2006 and petitioner's conviction became final as of that date. Any federal habeas application challenging his state

convictions and sentences was therefore due on or before July 12, 2007.

On May 14, 2008, ten months after the expiration of the statute of limitation deadline in this case, petitioner filed, with the state trial court, his first state habeas application challenging his conviction and sentence.  Such filing did not statutorily toll the expiration of the limitation period for filing a federal habeas application as it had already expired.  Petitioner's federal habeas application, placed in the prison mail system on October 22, 2008, was filed over one year after the expiration of the July 12, 2007 deadline.  Consequently, petitioner's federal habeas application is time barred.

Petitioner's actual innocence claim additionally fails to toll the statute of limitations.  Petitioner does not base this claim on the discovery of new evidence.  Rather, he contends the state failed to prove every element of the crime.  Initially, if petitioner pleaded guilty to the crimes, then the state was relieved of the burden of proving every element of the crime.  Additionally, a time-barred petitioner can raise an actual innocence claim on federal habeas review only if that petitioner falls within the "narrow class of cases . . . implicating a fundamental miscarriage of justice."  *See Schulp v. Delo*, 513 U.S. 298, 314-15, 115 S. Ct. 851, 861, 130 L. Ed. 2d 808 (1995).  Petitioner asserts nothing indicating he falls within this narrow class.  Accordingly, it is the opinion of the undersigned Magistrate Judge that petitioner's federal habeas application be dismissed as time barred.

## IV.
## RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the Petition for Writ of Habeas Corpus by a Person in State Custody filed by petitioner ANTHONY CHARLES FOSTER, JR. be DISMISSED as time barred.

V.
## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 13th day of April 2009.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

**\* NOTICE OF RIGHT TO OBJECT \***

Any party may object to these proposed findings, conclusions and recommendation. In the event a party wishes to object, they are hereby NOTIFIED that the deadline for filing objections is eleven (11) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(B), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(D). When service is made by mail or electronic means, three (3) days are added after the prescribed period. Fed. R. Civ. P. 6(e). Therefore, any objections must be <u>filed</u> **on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); R. 4(a)(1) of Miscellaneous Order No. 6, as authorized by Local Rule 3.1, Local Rules of the United States District Courts for the Northern District of Texas.

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).